ORDERED.

Dated:  June 21, 2016

Arthur B. Briskman
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

CHARLES EDWARD WOIDE and            Case No. 6:10-bk-22841-ABB
SUSANNAH CLARE WOIDE                 Chapter 7

     Debtors.
_____/

**ORDER GRANTING MOTION TO REOPEN
BANKRUPTCY CASE TO COMPEL SURRENDER OF REAL PROPERTY**

This matter came before the Court for hearing on June 1, 2016 upon the Motion to Reopen Bankruptcy Case to Compel Surrender of Real Property (Doc. No. 39, the "Motion to Reopen") filed by creditor, Federal National Mortgage Corporation ("Fannie Mae"), the Response and Objection to the Motion to Reopen (Doc. No. 40) filed by Debtors, Charles Edward Woide and Susannah Clare Woide (collectively the "Debtors") and Fannie Mae's Reply to the Debtors' Response and Objection to the Motion to Reopen (Doc. No. 42). The Motion to Reopen is due to be granted.

**Background**

The Debtors filed a voluntary Chapter 13 case on December 30, 2010 with the assistance of counsel (Doc. No. 1).  The Debtors listed real property located at 1251 Pressly Drive, Deland, Florida (the "Property") with a value of $183,500.00 and stated the Property was to be surrendered

on Bankruptcy Schedule A (Doc. No. 1 at 10). Debtors asserted the Property was subject to a mortgage in the amount of $249,383.12 and listed LBPS as the creditor on Bankruptcy Schedule D (Doc. No. 1 at 16). The Debtors did not state the debt was disputed (Doc. No. 1 at 16). LBPS, as servicer for the creditor, Fannie Mae, filed a secured claim in the amount of $257,978.99 in the Debtors' bankruptcy case (Claim No. 10-1, the "Claim"). The Claim attached a copy of the note and mortgage encumbering the Property. No objections were made to the Claim.

Debtors requested conversion of their case to Chapter 7, less than 3 months after the Chapter 13 case was filed (Doc. No. 18). An order was entered converting the case to Chapter 7 on April 7, 2011 (Doc. No. 21). Debtors failed to file a Statement of Intention after the case was converted. The debt owed to Fannie Mae was not reaffirmed and the Property was not redeemed in the Debtors' Chapter 7 case. The Debtors received their Chapter 7 discharge and the case was closed on July 12, 2011 (Doc. No. 27).

Fannie Mae commenced a foreclosure action on December 7, 2011 (the "Foreclosure Action").[1] Debtors have vigorously defended the Foreclosure Action by filing an answer, discovery requests, various motions, including an appeal, which have delayed surrender of the Property for over four years (Doc. No. 39, Ex C.). Debtors have been proactive in their attempt to keep the Property by filing actions[2] and asserting claims to either invalidate or rescind the note and mortgage encumbering the Property (Doc. No. 42, Ex. A and Ex. B). Finally, frustrated with the Debtors' actions, Fannie Mae filed the Motion to Reopen.

---

[1] *Fannie Mae etc. v. Charles Woide, et.al.,* in the Seventh Judicial Circuit in and for Volusia County, Florida, Case. No. 2011-12651-CIDL.

[2] *Charles E. Woide v. Ramsey & Associates Mortgage Company*, in the Seventh Judicial Circuit in and for Volusia Count, Florida, Case No. 2013-12456-CIDL*; Charles E. Woide v. Federal National Mortgage Association et. al.*, in the United States District Court for the Middle District of Florida, Orlando Division, Case No. 6:15-cv-1929-Orl-40-GJK

**Discussion**

Section 521 of the Bankruptcy Code requires a Chapter 7 debtor to file a statement of intention indicating whether he or she intends to redeem secured property, reaffirm the debt it secures, or surrender the property. 11 U.S.C. § 521(a)(2)(A). The statement of intention shall be filed within 30 days after entry of the order of conversion or before the first date set for the meeting of creditors, whichever is earlier, when a case is converted to Chapter 7. Fed. R. Bankr. P. 1019(1)(b). Although the Debtors failed to file the required statement of intention when the case was converted, Bankruptcy Schedule A stated the Property was to be surrendered. The Debtors did not reaffirm the debt to Fannie Mae or redeem the Property. A Chapter 7 debtor cannot retain collateral unless he or she redeems it or reaffirms the debt it secures. *Taylor v. AGE Fed. Credit Union (In re Taylor),* 3 F.3d 1512, 1517 (11th Cir.1993).

The Debtors had a duty to surrender the Property. "Surrender" means a debtor must relinquish secured property and make it available to the secured creditor by refraining from taking any overt act that impedes a secured creditor's ability to foreclose its interest in secured property. *See In re Metzler*, 530 B.R. 894, 900 (Bankr. M.D. Fla. 2015); *In re Plummer,* 513 B.R. 135, 144 (Bankr. M.D. Fla. 2014).

A debtor that continues to defend a foreclosure action against property surrendered in a Chapter 7 case may be ordered to cease all defenses and opposition to the foreclosure. *In re Failla*, 529 B.R. 786, 793 (Bankr. S.D. Fla. 2014). Failure to surrender can result in revocation and/or waiver of the discharge. *See In re Cheryl L. Troutt,* Case No. 13–39869–BKC–EPK, Doc. No. 30 (Bankr. S.D. Fla. 2014).

The Debtors defense of the Foreclosure Action and claims to invalidate or rescind the note and mortgage encumbering the Property are overt acts impeding Fannie Mae's ability to foreclose its interest, in violation of their duty to surrender the Property prescribed by § 521 of the Bankruptcy Code.

Accordingly it is,

**ORDERED, ADJUDGED and DECREED** that the Motion to Reopen Bankruptcy Case to Compel Surrender Real Property (Doc. No. 39) is hereby **GRANTED**; and it is further

**ORDERED, ADJUDGED and DECREED** that the Debtors may not take any action to impede, contest or dispute any claims Fannie Mae may have to the Property, including but not limited to, opposing or defending the Foreclosure Action.

**ORDERED, ADJUDGED and DECREED** that the Debtors may not take any action to impede, contest or dispute the validity or enforceability of the note and mortgage held by Fannie Mae, including but not limited to, any action to rescind the note and mortgage pursuant to the Truth in Lending Act, 15 U.S.C. §1635 or prosecute any claim, action or lawsuit seeking to rescind, invalidate or deem unenforceable the note and mortgage held by Fannie Mae, and it is further

**ORDERED, ADJUDGED and DECREED** that jurisdiction of this matter is reserved by this Court to enter such further orders as necessary. This Court will exercise its authority pursuant to 11 U.S.C. § 105 to enforce the Orders of this Court, including but not limited to, entry of sanctions against the Debtors if the Debtors fail to comply with this Order.

The Clerk is directed to serve a copy of this Order on all interested parties.